# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL ROBERT QUISENBERRY,

    Plaintiff,

v.                               Case No. 09-C-280

NEW COMMUNITY SHELTER,

    Defendant.

## ORDER

    Plaintiff Daniel R. Quisenberry was apparently given meals by Defendant New Community Shelter. He now brings this lawsuit and would subject the hand that fed him to the bite of defending federal litigation. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

    Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not afford the $350 filing fee. Accordingly, his motion to proceed *in forma pauperis* will be granted.

The court, however, maintains a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing the sufficiency of a complaint, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court now turns its attention to the substance of the complaint. Quisenberry's allegations in the complaint itself are utterly incoherent, and it is impossible for the court to decipher the basis of his complaint.[1] Attached to the complaint is a letter to Plaintiff from New Community Shelter. The letter notes that as of November 28, 2008, Plaintiff would be banned from participating in the shelter's meal program for a year on account of his disruptive and violent actions during meals. As this document is attached to the complaint, it becomes part of the pleading and may be considered by the court. Fed R. Civ. P. 10(c); *Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 729 (7th Cir. 1999). Construing the complaint liberally as an allegation regarding Plaintiff's one

---

[1] Quisenberry has two previous cases with this Court in which he also filed complaints that were unintelligible. *Quisenberry v. Quisenberry*, 08-C-196, 2008 WL 647020 (E.D. Wis. Mar. 7, 2008); *Quisenberry v. Union Gospel Mission*, 08-C-306. Both were dismissed.

year ban from the meal program, I find Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff has failed to identify how a right of his has been violated by being excluded from the meal program for a year. He has not alleged that he has suffered discriminatory denial of public accommodation in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, though it is questionable whether a homeless shelter would qualify as a "place of public accommodation" under the statute even if he did. *See O'Neal v. Porchlight, Inc.*, 2006 WL 1515622, * 7 (W.D. Wis. May 30, 2006). As Defendant is free to require that the recipients of its charitable activities refrain from violent and disruptive behavior while receiving meals at the shelter, and there is no allegation that defendant has illegally discriminated against Plaintiff, Plaintiff fails to state a claim. Accordingly, this case must be dismissed.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

Dated this 16th day of March, 2009.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

---

[2] In the "Relief You Request" section of the complaint Plaintiff appears to request that counsel be appointed to represent him in this matter. Plaintiff has not indicated whether he has made any reasonable efforts to obtain counsel, something he must do before the Court considers whether the appointment of counsel is warranted. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Thus, to the extent his complaint also requests the appointment of counsel, such request is denied.